IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-CR-00065-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH HOWARD DAVIS | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Joseph Howard Davis' motions for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. Nos. 161, 162). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In 2017, Defendant was found guilty by a jury of distribution of and possession with intent to distribute methamphetamine (Count 3s) and the possession of a firearm by a felon (Count 4s). (Doc. No. 88). He was sentenced to 260 months imprisonment on Count 3s and 120 months imprisonment on Count 4s to be served concurrently plus 10 years of supervised release on Count 3s and 3 years of supervised release on Count 4s to be served concurrently. (Doc. No. 128).

Defendant is a 40-year-old male serving his prison sentence at FCI McKean in Pennsylvania. His current projected release date is November 4, 2035. Defendant bases his motions on his rehabilitation accomplishments, the harshness endured during the pandemic, conditions at the prison and potential Eighth Amendment

claim, potential sentencing disparity in methamphetamine cases, and the disparity caused by the § 851 enhancement. With the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F. 3d 271 (4th Cir. 2020), there is now no applicable policy statement governing compassionate release motions filed by a defendant. *Id.* at 284. As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise. *Id.*

A district court analyzes a motion for compassionate release in a two-step process. "First, the court determines whether the defendant is eligible for a sentence reduction. A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction….' Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Bond*, 56 F.4th 381, 383-84 (4th Cir. 2023) (internal citations omitted).

## I. Defendant Fails to Present Extraordinary and Compelling Reasons for Compassionate Release or Reduction in Sentence.

A. Defendant argues that his imprisonment during the COVID-19 pandemic – something not anticipated by the sentencing court – increased his prison sentence's punitive effect and constitutes extraordinary and compelling circumstances that warrant a sentence reduction. "While circumstances that 'undoubtedly increase a prison sentence's punitive effect' may constitute extraordinary and compelling circumstances in some individual cases, *United States v. Kibble*, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring), if every defendant who experiences hardship during incarceration is entitled to a finding of

extraordinary and compelling circumstances, compassionate release would become the 'exception that swallows the general rule of finality'. *United States v. Hancock*, No. 1:06-CR-206-2, 2021 U.S. Dist. LEXIS 41526, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021)." *United States v. Chavis,* No. 1:18-CR-481-3, 2021 U.S. Dist. LEXIS 124143, at *8-9 (M.D.N.C. July 2, 2021). Moreover, the "hardships" that Defendant claims to have experienced in prison during the COVID-19 pandemic are not particular to Defendant. Many inmates, as well as non-incarcerated individuals, have been infected with the COVID-19 virus and survived (or feared being infected with the virus), lost close relatives or friends due to the pandemic, and endured isolation, limits on movement, and other restrictive protocols during the pandemic. *See United States v. Murry*, 538 F.Supp.3d 615 (E.D. Va. 2021); *United States v. Burks,* No.3:14-CR-208-MOC-1, 2021 U.S. Dist LEXIS 70934, 2021 WL 1394857, at *4 (W.D.N.C. Apr. 13, 2021). Thus, Defendant's incarceration during the pandemic does not constitute "extraordinary and compelling" reasons warranting early release.

      B.     Defendant also contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports his motion. But Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c). *See United States v. Butler*, No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); *United States v. Statom*, No. 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); *United*

*States v. Rodriguez-Collazo*, No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement . . . are not properly brought in a motion for compassionate release").

To the extent that Defendant wishes to raise a claim that conditions in the prison have resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a habeas petition pursuant to 28 U.S.C. § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[1]

C.   The Defendant also asserts that there is a potential sentencing disparity in cases such as his due to the sentencing distinction between a mixture containing a detectable amount of methamphetamine and methamphetamine actual. Defendant generally challenges the current Congressionally enacted statutes and United States Sentencing Commission's Guidelines as being unsupported by appropriate sentencing considerations. The Court rejects Defendant's invitation to ignore current

---

[1] Defendant is confined at FCI McKean located in the Middle District of Pennsylvania.

law and sentencing guidelines. A true "disparity" would be created if some district courts, but not all, determined the distinction to be an "extraordinary and compelling" reason for release or a reduction in sentence.

D. The Defendant also claims that the application of the § 851 enhancement was "unnecessary," [severe] and "arbitrary," and would not be applicable if he were sentenced today, causing a sentencing disparity. Assuming, without deciding, that Defendant would not today be eligible for a § 851 enhancement, the Court finds that it would not create a sentencing disparity constituting an extraordinary and compelling reason for release or reduction in sentence, while recognizing its authority to do so. Also, the Court finds that the length of Defendant's sentence, considering particularly Defendant's offense conduct and criminal history does not warrant a sentencing reduction.

E. The Court finds that none of Defendant's stated reasons, individually or in combination, constitute an extraordinary and compelling reason for a reduction in sentence.

**II.    Section 3553(a) Factors Weigh Against a Reduction in Sentence.**

During his time of incarceration, Defendant has worked on getting his GED and has been commended for his assistance with any plumbing needs. His disciplinary history while incarcerated is not stellar, though improving. (Doc. No. 161 at 44 and Doc. No. 162 at 3). Although commendable, his efforts at rehabilitation do not outweigh the other Section 3553(a) factors and the danger he poses to society. Defendant's offense conduct was serious, presenting a danger to the public by

involving a firearm and large amounts of methamphetamine. Defendant's prior criminal history started at age 16 and included possession of stolen property, breaking or entering a motor vehicle, manufacture Schedule II controlled substance, possession of drug paraphernalia, and trafficking opium or heroin. (Doc. No. 118 at 7-12). The nature and circumstances of Defendant's offense, the Defendant's history and characteristics, the need for deterrence, the need to protect the public, the need for just punishment and to avoid unwarranted sentencing disparities also weigh against any sentence reduction for the Defendant.

**It IS, THEREFORE, ORDERED**, that the Defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. Nos. 161, 162), are **DENIED.**

**SO ORDERED.**

Signed: August 8, 2023

Kenneth D. Bell
United States District Judge